## CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____
**Jerry Baudin, et al.**

No. **1:19-CV-386 MAD/CFH**

VS

**Resource Marketing Corp., LLC**
_____

**IT IS HEREBY ORDERED that,** Pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable CHRISTIAN F. HUMMEL, United States Magistrate Judge on **July 1, 2019, at 9:00 AM** at the United States Courthouse, at Room Number 441, Albany, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1) **JOINDER OF PARTIES:**

   *Plaintiffs:* Plaintiffs propose that any application to join any person as a party to this action shall be made by 100 days after the Court rules on Plaintiffs' Pre-Discovery Motion for Conditional Collective Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. § 216(b) ("Motion for Conditional Certification") (Doc. 11), and, if granted, 100 days after the close of the opt-in period.

   *Defendant:* Defendant proposes that a deadline be set for the joinder of parties other than potential opt-in plaintiffs who submit a valid and timely consent to join the action if the Court were to grant conditional certification, which would be governed by a separate order issued by the Court.

2) **AMENDMENT OF PLEADINGS:**

   *Plaintiffs:* Plaintiffs propose that any application to amend the pleadings to this action shall be made by 100 days after the Court rules on Plaintiffs' Motion for Conditional

Certification, and, if granted, 100 days after the close of the opt-in period. If the case is conditionally certified or if additional opt-in plaintiffs continue to join the case, it may be necessary for Plaintiffs to file an Amended Complaint to assert one or more state law wage and hour claims.

*Defendant:* Defendant proposes that an initial deadline be set for any application to amend the pleadings. If the Court grants any motion by Plaintiffs for conditional certification and permits notice to be sent, Defendant proposes that any application by Plaintiffs to amend their pleadings should be made within 45 days of the opt-in deadline established by the Court at that time.

**3) DISCOVERY:**

*Plaintiffs*: Plaintiffs recommend the following discovery plan: Other than the initial disclosures, all discovery should be stayed until after the Court rules on Plaintiffs' Motion for Conditional Certification, and, if granted, until after the close of the opt-in period. The parties will be unable to ascertain the scope and scale of discovery until they know whether or not the case will proceed as a collective action, and, if so, the number and identity of individuals who decide to opt in to the case.

*Defendant*: Defendant proposes that it should be permitted to conduct certain preliminary discovery prior to the Court ruling on any motion by Plaintiffs for conditional certification, including but not necessarily limited to written discovery and depositions of the Named Plaintiffs.

**4) MOTIONS:**

*Plaintiffs*: On April 15, 2019, Plaintiffs filed their Motion for Conditional Certification. Plaintiffs anticipate filing a motion for class certification under Fed. R. Civ. P. 23 with respect to their New York Codes, Rules and Regulations (NYCRR) claim (Count II) and their nationwide breach of contract and unjust enrichment claims (Counts III-IV), and, potentially, a motion for summary judgment after the close of discovery. Plaintiffs propose that a deadline for the filing of motions be set after the Court rules on Plaintiffs' Motion for Conditional Certification, when the parties will have more clarity regarding the size, scope, and complexity of the case and the identity of the opt-in plaintiffs, if any.

*Defendant*: Defendant proposes that it should be permitted to conduct certain preliminary discovery before responding to, and before the Court rules on, any motion by Plaintiffs for conditional certification, including but not necessarily limited to written discovery and depositions of the Named Plaintiffs.

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** Until the Court determines whether this action may proceed on a collective and/or class basis, and if so the size and scope of the certified collective or class, the parties are unable to estimate the date or length of trial.

6)   **HAVE THE PARTIES FILED A JURY DEMAND:  X (YES)  _____ (NO).**

7)   **DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' unpaid overtime claim (Count I) raises a federal question under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over Plaintiffs' state and common law claims (Counts II-IV) pursuant to 28 U.S.C. § 1367 because the state and common law claims and the federal claim are so closely related that they form part of the same case or controversy under Article III of the United States Constitution. Defendant concedes that the Court has jurisdiction over Plaintiffs' FLSA claims but does not concede at this early stage that the exercise of supplemental jurisdiction is appropriate in this case.

The parties are subject to the Court's jurisdiction because, *inter alia*, each party resides in the State of New York.

Defendant has been served with the Complaint and has filed its Answer.

8)   **WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFFS' CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

*Plaintiffs' Description of the case:*

This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 ("Rule 23") by Plaintiffs Jerry Baudin, Josephine Duffney and Karishma Persaud ("Plaintiffs"), alleging that Defendant violated the FLSA by failing to pay its non-exempt hourly call center employees, or transfer agents ("Agents"), all wages owed, including overtime wages (*i.e.*, "time-and-a-half") for work performed in excess of 40 hours per week. Plaintiffs allege that Defendant's violations stem from a common policy and practice of failing to pay its Agents for all compensable time, including time spent booting up and shutting down their computers and loading and logging into various computer software programs and applications before and after their shifts. Plaintiffs allege that they, and others similarly situated, are entitled to recover all unpaid wages for such work performed during the applicable statutory period. Plaintiffs also seek an additional equal amount as liquidated damages, as well as attorneys' fees and costs.

Plaintiffs are pursuing their FLSA claim for unpaid overtime (Count I) as a 29 U.S.C. § 216(b) collective action (i.e., an "opt-in" class) on behalf of themselves and all other similarly situated Agents. Plaintiffs also assert an unpaid overtime claim under 12 NYCRR § 142-2.2, as a Rule 23 class action (i.e., an "opt-out" class) on behalf of themselves and all other similarly situated Agents who worked for Defendant in New York during the applicable statutory period. Finally, Plaintiffs assert common law breach of

contract (Count III) and unjust enrichment (Count IV) claims as a nationwide Rule 23 class action on behalf of themselves and all other similarly situated Agents who worked for Defendant during the applicable statute of limitations period.

On April 15, 2019, Plaintiffs filed their Motion for Conditional Certification. Defendant's time to respond to the motion is stayed until after the Rule 16 Initial Conference scheduled for July 1, 2019, and a revised briefing schedule will be agreed to by the parties or set by the Court at the Rule 16 Initial Conference.

*Defendant's Description of the case:*

Defendant disputes all of Plaintiffs' material allegations and contends that it has not violated the FLSA or any other state or common law. Specifically, Defendant denies that Plaintiffs were not paid wages for any compensable "off-the-clock" work and asserts that any time spent by Plaintiffs logging in or out of Defendant's computer systems was de minimis and not compensable.

Defendant also intends to argue that class or collective treatment of this case is not appropriate for a host of reasons.

**9)   WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

The parties disagree as to whether or not the Agents were compensated for all compensable time. Plaintiffs allege that they and all other Agents were trained and instructed not to record all of the compensable time that they worked, meaning that they performed compensable work activities "off the clock." Defendant denies that Plaintiffs were not paid wages for any compensable "off-the-clock" work and asserts that any time spent by Plaintiffs logging in or out of Defendant's computer systems was de minimis and not compensable.

**10)  CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

It is premature for the parties to determine which material facts or legal issues in the case will be resolved by stipulation.

**11)  WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

Plaintiffs seek to recover, on behalf of themselves and all other similarly situated Agents, all unpaid wages for all unpaid "off-the-clock" work performed during the applicable statutory period and an additional equal amount as liquidated damages, as well as attorneys' fees and costs and pre- and post-judgement interest.

Defendant seek the dismissal of the Plaintiffs' claims and the denial of class or collective

treatment in this case.

**12)    DISCOVERY PLAN:**

   **A.    Mandatory Disclosures**

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) by July 8, 2019.

   **B.    Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address the causes of action set forth in Plaintiffs' Collective and Class Action Complaint (Doc. 1) ("Complaint") and Defendant's defenses.

   **C.    Discovery Sequence**

*Plaintiffs*: Plaintiffs recommend the following discovery plan: Other than the initial disclosures, all discovery should be stayed until after the Court rules on Plaintiffs' Motion for Conditional Certification, and, if granted, until after the close of the opt-in period. The parties will be unable to ascertain the scope and scale of discovery until they know whether or not the case will proceed as a collective action, and, if so, the number and identity of individuals who decide to opt in to the case.

*Defendant*: Defendant proposes that it should be permitted to conduct certain preliminary discovery before responding to, and before the Court rules on, any motion by Plaintiffs for conditional certification, including but not necessarily limited to written discovery and depositions of the Named Plaintiffs.

   **D.    Written Discovery**

Plaintiffs intend on conducting discovery that will support the causes of action set forth in Plaintiffs' Complaint. More specifically, Plaintiffs intend on seeking discovery on Defendant's compensation structure, failure to pay for all hours worked, failure to pay all wages and all overtime for all hours worked over 40 in a workweek based on, *inter alia*, Defendant's own policies and procedures. Plaintiffs anticipate that the nature of their discovery will include Interrogatories, Requests for Admissions, Requests for Documents, and Depositions (including corporate representative depositions).

Plaintiffs respectfully submit that discovery is not required for first tier determination of conditional certification pursuant to 29 U.S.C. § 216(b); therefore discovery should be stayed until the Court renders an opinion on the issue of conditional certification issue, and, if granted, until the close of the notice period. Plaintiffs propose that the Court schedule a Scheduling Conference after the close of the notice period if conditional certification is granted or after the Court issues an order denying conditional certification.

Plaintiffs also intend to conduct similar discovery to support their state law unpaid overtime claim (Count II), as well as their common law breach of contract (Count III) and unjust enrichment (Count IV) claims, as well as any other state law statutory wage claims that may be asserted by way of an amended pleading.

As noted above, Defendant proposes that it should be permitted to conduct certain preliminary discovery before responding to, and before the Court rules on, any motion by Plaintiffs for conditional certification, including but not necessarily limited to written discovery and depositions of the Named Plaintiffs.

**E.   Depositions**

Plaintiffs anticipate conducting at least three or four depositions, including depositions of Plaintiffs' managers and supervisors, at least one corporate representative deposition, and a deposition of Defendant's expert witness, if any. Plaintiffs anticipate that these depositions will take place in New York. Plaintiffs do not anticipate conducting any non-party fact depositions.

Defendant anticipates taking the depositions of the Named Plaintiffs, as well as depositions of Opt-in Plaintiffs who may join this case, if any. Defendant will also seek to depose any expert witness identified by Plaintiffs.

**F.   Experts**

*Plaintiffs*: Plaintiffs expect to be able to furnish the names of their expert witness(es) by 100 days after the Court rules on Plaintiffs' Motion for Conditional Certification, and, if granted, 100 days after the close of the opt-in period.

*Defendant*: Defendant believes that it will be in a better position to identify any expert witness(es) once Plaintiffs' motion for conditional certification is ultimately decided and after other discovery is taken.

**G.   Electronic Discovery**

The parties have discussed the production of electronically stored information ("ESI") and suggest that such information be handled as follows: The parties do not foresee any issues pertaining to the disclosure, discovery or preservation of ESI. To the extent a party requests ESI, the parties propose that the ESI be produced in paper format, as an image (e.g., pdf, jpg, or tiff), via hard electronic copy (e.g., compact disc or Dropbox.com), or as otherwise agreed.

The parties have not yet agreed on a formal procedure to address claims of privilege or work product immunity for items inadvertently produced during discovery. The parties will confer and submit for the Court's approval a Proposed Protective Order, which will include a provision to allow a party that inadvertently disclosed privileged documents to seek the return of those documents without waiver of any applicable privileges, consistent with Fed. R. Evid.

502(d) and Fed. R. Civ. P. 26(b)(5)(B). The parties do not foresee any issues pertaining to the inadvertent disclosure of privileged materials, but, in the event that such an issue arises during discovery, the parties agree to meet and confer in good-faith to resolve any such issue.

### H.   Protective Orders

The parties will confer and submit for the Court's approval a Proposed Protective Order.

### I.   Anticipated Issues Requiring Court Intervention

The parties do not anticipate seeking court intervention relating to any discovery issues, and will strive to resolve any discovery-related disputes in good-faith before seeking judicial intervention.

**13)  IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

Until the Court determines whether this action may proceed on a collective and/or class basis, and if so the size and scope of the certified collective or class, the parties are unable to reasonably estimate the length of trial or whether to bifurcate issues for trial.

**14)  ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

The parties are unaware of any related cases.

**15)  IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

On April 15, 2019, Plaintiffs filed their Motion for Conditional Certification. Defendant's time to respond to the conditional certification motion is stayed until after the Rule 16 Initial Conference scheduled for July 1, 2019, and a revised briefing schedule will be agreed to by the parties or set by the Court at the Rule 16 Initial Conference.  As noted above, Defendant believes that it should be permitted to conduct certain preliminary discovery before responding to, and before the Court rules on, any motion by Plaintiffs for conditional certification, including but not necessarily limited to written discovery and depositions of the Named Plaintiffs.

As for the putative Rule 23 Classes, Plaintiffs propose that the Court set a deadline for Plaintiffs to move for Rule 23 class certification after the Court renders an opinion on conditional certification, and, if granted, after the close of the notice period. If the Court grants conditional certification, Plaintiffs anticipate substantial overlap between the discovery necessary to withstand any decertification motion that Defendant may file, and the discovery necessary to certify the putative Rule 23 Classes.

**16)     WHAT ARE THE PROSPECTS FOR SETTLEMENT?** Please circle below the prospect for settlement:

1-----2-----3-----4-----5-----6-----7-----8-----9-----10
(VERY UNLIKELY)ooooooooooo(LIKELY)

Although Plaintiffs believe that the prospects for settlement can be better evaluated after the Court renders an opinion on the conditional certification issue, Defendant believes that an earlier discussion regarding the prospects for alternative dispute resolution might be fruitful. Plaintiffs concur and are willing to engage in early alternative dispute resolution.

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

Plaintiffs believe that prompt resolution of the conditional certification issue will provide clarity to the parties regarding the size and scope of the case.

Dated:  June 25, 2019

*/s/ Rod M. Johnston*
Rod M. Johnston (*Pro Hac Vice*)
Kevin J. Stoops (*Pro Hac Vice*)
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, MI  48076
Phone: 248-355-0300
rjohnston@sommerspc.com
kstoops@sommerspc.com

Jason T. Brown (*NY Bar ID# 4389854*)
Nicholas Conlon (*NY Bar ID# 801616*)
BROWN LLC
111 Town Square Plact, Suite 400
Jersey City, NJ 07310
Phone: 877-561-0000
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Attorneys for Plaintiffs and the putative*
*Class/Collective action members*

*/s/ Vincent E. Polsinelli (w/consent)*
Vincent E. Polsinelli
JACKSON LEWIS P.C.
677 Boradway, 9th Floor
Albany, NY  12207
Phone: 518-512-8700
vincent.polsinelli@jacksonlewis.com

*Attorneys for Defendants*