# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK
# ALBANY DIVISION

| | |
|---|---|
| **JERRY BAUDIN**, **JOSEPHINE DUFFNEY** and **KARISHMA PERSAUD**, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**RESOURCE MARKETING CORP., LLC**,<br><br>Defendant. | Case No.: 1:19-cv-00386-MAD-CFH<br><br>HON. Judge Mae A. D'Agostino<br><br><br>**PLAINTIFFS' NOTICE OF MOTION FOR RECONSIDERATION** |

**PLEASE TAKE NOTICE**, that, pursuant to L.R. 7.1(g), upon the accompanying Declarations of Kevin J. Stoops, Esq., and Rod M. Johnston, Esq., dated August 24, 2020, and accompanying Memorandum of Law dated August 24, 2020, Plaintiffs, by and through their attorneys, Sommers Schwartz, P.C., will move this Court, before the Honorable Mae A. D'Agostino, at the James T. Foley U.S. Courthouse, 445 Broadway, Albany, New York 12207 at 10:00 a.m. on **October 6, 2020**, or as soon as counsel can be heard, for an Order granting Plaintiffs' Motion for Reconsideration of the Court's Memorandum Decision and Order dated August 13, 2020 (Doc. 49) and the Judgment on the basis thereof (Doc. 50).

The Memorandum Decision and Order granted Plaintiffs' unopposed motion for certification of the settlement class, final approval of the class action settlement, approval of the FLSA settlement, and approval of service awards (Doc. 47), and further ordered that Plaintiffs' motion for attorney' fees and reimbursement of expenses (Doc. 48) be granted in part, such that Class Counsel was awarded attorneys' fees of one-third of the Net Settlement Fund, or $70,830.24, rather than Class Counsel's request for a fee award of one-third of the Gross Settlement Fund, or

1

$81,333.33.

In determining Class Counsel's fee award, the Court recalculated Class Counsel's lodestar using an erroneous $350 lodestar rate reflected in the declaration of Kevin J. Stoops in Support of Plaintiffs' Motion for Approval of Attorneys' Fees. As discussed in the accompanying Memorandum of Law, and the supporting Declarations of Kevin J. Stoops, Esq., and Rod M. Johnston, Esq., the $350 lodestar rate reflected in Mr. Stoops' declaration is a typographical error. Mr. Stoops, a 16-year attorney and Senior Shareholder who co-chairs his firm's Complex Litigation Department, charges $615 per hour in wage and hour class/collective action lawsuits like this one, not $350 per hour. Accordingly, this Court's Memorandum Decision and Order was premised on erroneous information mistakenly supplied to the Court by Class Counsel, and Class Counsel respectfully request that the Court reconsider its Order (Doc. 49) and the Judgment entered thereon (Doc. 50) in order to prevent a manifest injustice.

Most troubling to Plaintiffs and Class Counsel is the fact that the typographical error caused the Court to mistakenly conclude that Class Counsel artificially inflated Mr. Stoops' lodestar rate from $350 to $615 and then applied the inflated rate to the 46.9 hours worked by Mr. Stoops in order to generate a higher lodestar (and a negative lodestar multiplier) in support of Class Counsel's fee application. In the Memorandum Decision and Order, the Court chastised Class Counsel (rightfully so) for engaging in such chicanery and reduced Class Counsel's lodestar from $83,222.90 to $68,904.83 by applying a $350 lodestar rate to the 46.9 hours worked by Mr. Stoops, rather than the $615 rate applied by Class Counsel. After adjusting for Mr. Stoops' "inflated 'lodestar rate,'" the Court awarded Class Counsel one-third of the Net Settlement Fund, or $70,830.24.

The motivation for Plaintiffs' Motion for Reconsideration, therefore, is twofold: *First*, and

most importantly, Class Counsel wishes to correct the record and assure the Court that Class Counsel did not artificially inflate Mr. Stoops' lodestar rate from $350 to $615 in order to generate a negative lodestar multiplier in support of Class Counsel's fee application. *Second*, Class Counsel seeks to persuade the Court to reconsider its decision to award Class Counsel one-third of the Net Settlement Fund, or $70,830.24, and instead grant Class Counsel's fee application of one-third of the Gross Settlement Fund, or $81,333.33.

Class Counsel respectfully submit that the Memorandum Decision and Order was premised upon erroneous information mistakenly supplied to the Court by Class Counsel. Under these circumstances, prevention of manifest injustice requires reconsideration so that the Court can determine a fair and reasonable fee award for Class Counsel with the benefit of having accurate information regarding Class Counsel's lodestar rates and now that the Court knows that Class Counsel did not improperly inflate their lodestar rates in support of their fee application.

If, after taking into consideration Class Counsel's typographical error, the Court still decides to award Class Counsel one-third of the Net Settlement Fund, rather than one-third of the Gross Settlement Fund, Class Counsel respectfully request that the Court modify the Memorandum Decision and Order and award Class Counsel $71,545.69, which is one-third of the Net Settlement Fund.[1]

Accordingly, for the reasons discussed in the accompanying Memorandum of Law and the supporting Declarations of Kevin J. Stoops, Esq., and Rod M. Johnston, Esq., Class Counsel respectfully request that the Court reconsider its Memorandum Decision and Order awarding Class Counsel one-third of the Net Settlement Fund and, in the interests of justice and to avoid punishing

---

[1] Class Counsel respectfully bring to the Court's attention that the Memorandum Decision and Order mistakenly computed one-third of the $214,637.08 Net Settlement Fund as $70,830.24, instead of $71,545.69.

Class Counsel for an inadvertent error, grant Class Counsel's request for attorneys' fees of $81,333.33, which is one-third of the $244,000 Gross Settlement Fund.

Pursuant to L.R. 7.1(g) and 7.1(b)(2), unless the Court orders otherwise, Defendant's Opposition to the instant motion, should it choose to file one, must be filed on or before **September 19, 2020** (not less than 17 days prior to the return date of the motion).

Dated: August 24, 2020

/s/ *Rod M. Johnston*
Kevin J. Stoops (admitted *pro hac vice*)
Rod M. Johnston (admitted *pro hac vice*)
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
Phone: (248) 355-0300
kstoops@sommerspc.com
rjohnston@sommerspc.com

Jason T. Brown (*NY Bar ID# 4389854*)
Nicholas Conlon (*NY Bar ID# 801616*)
JTB LAW GROUP, LLC
155 2nd Street, Suite 600
Jersey City, New Jersey 07302
Phone: (877) 561-0000
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Attorneys for Plaintiffs and the putative Class/Collective action members*

## CERTIFICATE OF SERVICE

I certify that on August 24, 2020, I electronically filed the forgoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ *Rod M. Johnston*
Rod M. Johnston