UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

| | |
|---|---|
| **JERRY BAUDIN**, **JOSEPHINE DUFFNEY** and **KARISHMA PERSAUD**, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**RESOURCE MARKETING CORP., LLC**,<br><br>Defendant. | Case No.: 1:19-cv-00386-MAD-CFH<br><br>HON. Judge Mae A. D'Agostino |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................ ii

PERTINENT FACTUAL AND PROCEDURAL HISTORY ........................................... 1

LEGAL ARGUMENT ........................................................................................................ 6

A.  LEGAL STANDARD FOR MOTIONS FOR RECONSIDERATION ............................ 6

B.  THE $350 LODESTAR RATE REFLECTED IN KEVIN J. STOOPS' DECLARATION IN SUPPORT OF CLASS COUNSEL'S FEE APPLICATION IS A TYPOGRAPHICAL ERROR ......................................................... 8

C.  CLASS COUNSEL'S FEE APPLICATION IS FAIR AND REASONABLE USING THE "PERCENTAGE-OF-RECOVERY" METHOD ....................................... 11

D.  CLASS COUNSEL'S FEE APPLICATION IS FAIR AND REASONABLE UNDER THE "LODESTAR METHOD" ......................................................... 12

CONCLUSION .................................................................................................................. 15

# INDEX OF AUTHORITIES

**Cases**

*Brown v. Barnes and Noble, Inc.*, No. 16-CV-07333-MKV-KHP, 2020 WL 2489061 (S.D.N.Y. May 14, 2020) ................................................................................................. 13

*Burger v. Mays,* 176 F.R.D. 153 (E.D. Pa. 1997) ......................................................................... 8

*City of Providence v. Aeropostale, Inc.*, 11 CIV. 7132 CM GWG, 2014 WL 1883494 (S.D.N.Y. May 9, 2014) ..................................................................................... 12, 13

*Cohan v. Columbia Sussex Mgt., LLC*, CV 12-3203 (AKT), 2018 WL 4861391 (E.D.N.Y. Sept. 28, 2018) ............................................................................................. 14

*Crews Trading Co., Inc. v. Terral Farm Serv., Inc.*, CIV.A. 05-0040, 2005 WL 3555918 (W.D. La. Dec. 28, 2005) ............................................................................. 8

*Cruz v. Sal-Mark Rest. Corp.*, 1:17-CV-0815 (DJS), 2019 WL 355334 (N.D.N.Y. Jan. 28, 2019) ......................................................................................................................... 14

*Deferio v. City of Syracuse*, No. 5-16-CV-361-LEK-TWD, 2018 WL 3069200 (N.D.N.Y. June 21, 2018) ............................................................................................. 14

*Febus v. Guardian First Funding Group, LLC*, 870 F. Supp. 2d 337 (S.D.N.Y. 2012) ............ 15

*Gay v. Tri-Wire Engr. Sols., Inc.*, 12-CV-2231 KAM JO, 2014 WL 28640 (E.D.N.Y. Jan. 2, 2014) ................................................................................................................... 12

*Gayle v. Harry's Nurses Registry, Inc.*, CV 07-4672 NGG MDG, 2013 WL 5502951 (E.D.N.Y. Aug. 26, 2013) ............................................................................................... 7

*Girsh v. Jepson,* 521 F.2d 153 (3d Cir. 1975) ............................................................................. 11

*Goldberger v. Integrated Res. Inc.,* 209 F.3d 43 (2d Cir. 2000) ..................................... 9, 11, 14

*Hall v. ProSource Techs., LLC*, 14-CV-2502 (SIL), 2016 WL 1555128 (E.D.N.Y. Apr. 11, 2016) ................................................................................................................ 14

*Herbin et al. v. The PNC Financial Services Group, Inc. et al.*, No. 2:19-cv-00696-CB ................................................................................................................................ 10

*In re Beacon Associates Litig.*, 09 CIV. 3907 CM, 2013 WL 2450960 (S.D.N.Y. May 9, 2013) ........................................................................................................................... 12

*In re Bear Stearns Cos. Sec. Derivative & ERISA Litig.,* 909 F.Supp.2d 259 (S.D.N.Y. 2012) .............................................................................................................. 13

*In re C-TC 9th Ave. P'ship v. Norton Co.,* 182 B.R. 1 (N.D.N.Y. 1995) ...................................... 6

*In re Glob. Crossing Securities and ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004) ................ 15

*In re Medco Health Sols., Inc., Pharm. Benefits Mgt. Litig.*, 03MDL1508, 2004 WL 1243873 (S.D.N.Y. May 25, 2004) ............................................................................. 15

*In re Telik, Inc. Securities Litig.*, 576 F. Supp. 2d 570 (S.D.N.Y. 2008) ...................................15

*Kane Associates v. Clifford*, 75 CIV. 141, 1980 WL 1403 (E.D.N.Y. Apr. 29, 1980)...............15

*Khan v. Dunwoodie Gas Station, Inc.*, 19-CV-5581 (KMK), 2020 WL 1166180
    (S.D.N.Y. Mar. 10, 2020) .........................................................................................................12

*Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167 (5th Cir. 1990) .....................7

*Little v. Liquid Air Corp.,* 37 F.3d 1069 (5th Cir. 1994) ................................................................7

*Lizondro-Garcia v. Kefi LLC*, 12 CIV. 1906 HBP, 2015 WL 4006896 (S.D.N.Y. July
    1, 2015) .....................................................................................................................................15

*Marroquin Alas v. Champlain Valley Specialty of New York, Inc.*, No. 5:15-CV-
    00441-MAD-TWD, 2016 WL 3406111 (N.D.N.Y. June 17, 2016) .......................................12

*McMahon v. Olivier Cheng Catering and Events, LLC*, 08 CIV. 8713 (PGG), 2010
    WL 2399328 (S.D.N.Y. Mar. 3, 2010) ....................................................................................15

*Merola v. Cuomo*, No. 1:19-CV-899-GLS-TWD, 2020 WL 409789 (N.D.N.Y. Jan.
    24, 2020) .....................................................................................................................................6

*Mills v. Capital One, N.A.*, 14 CIV. 1937 HBP, 2015 WL 5730008 (S.D.N.Y. Sept.
    30, 2015) ...................................................................................................................................14

*Mobil Oil Corp. v. Amoco Chemicals Corp.*, 915 F. Supp. 1333 (D. Del. 1994).........................8

*Rollins v. New York State Div. of Parole*, 03CV5952 NGGRLM, 2007 WL 539158
    (E.D.N.Y. Feb. 16, 2007)...........................................................................................................7

*Ross v. A.H. Robins Co., Inc.*, 700 F. Supp. 682 (S.D.N.Y. 1988) .............................................15

*Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424 (S.D.N.Y. 2014) ............................15

*Shrader v. CSX Transp., Inc.,* 70 F.3d 255 (2d Cir. 1995) ...........................................................7

Springer v. Code Rebel Corp., No. 16-CV-3492, 2018 WL 1773137 (S.D.N.Y. Apr.
    10, 2018) ...................................................................................................................................14

*Trinidad v. Pret a Manger (USA) Ltd.*, 12 CIV. 6094 PAE, 2014 WL 4670870
    (S.D.N.Y. Sept. 19, 2014).........................................................................................................15

*Troeger v. Ellenville Cent. School Dist.,* No. 1:10-cv-718, 2012 WL 3643839
    (N.D.N.Y.2012) .........................................................................................................................7

**Rules**

L.R. 7.1(g).......................................................................................................................................1, 6

Plaintiffs respectfully submit this Memorandum of Law in support of their Motion for Reconsideration pursuant to L.R. 7.1(g). As explained below, in connection with the class/collective action settlement, the Court awarded Class Counsel one-third of the $214,637.08 Net Settlement Fund, or $70,830.24, in reasonable attorneys' fees, as opposed to Class Counsel's request for one-third of the $244,000 Gross Settlement Fund, or $81,333.33. In doing so, the Court recalculated Class Counsel's lodestar using an erroneous $350 lodestar rate reflected in the declaration of Kevin J. Stoops in Support of Plaintiffs' Motion for Approval of Attorneys' Fees. As discussed herein, the $350 lodestar rate reflected in Mr. Stoops' declaration is a typographical error. Mr. Stoops, a 16-year attorney and Senior Shareholder who co-chairs his firm's Complex Litigation Department, charges $615 per hour in wage and hour class/collective action lawsuits like this one, not $350 per hour. Accordingly, this Court's Memorandum Decision and Order was premised on erroneous information mistakenly supplied to the Court by Class Counsel, and Class Counsel respectfully request that the Court reconsider its Order (Doc. 49) and the Judgment entered thereon (Doc. 50) in order to prevent a manifest injustice.

If, after taking into consideration Class Counsel's typographical error, the Court still decides to award Class Counsel one-third of the Net Settlement Fund, rather than one-third of the Gross Settlement Fund, Class Counsel respectfully request that the Court modify the Memorandum Decision and Order and award Class Counsel $71,545.69, which is one-third of the Net Settlement Fund.[1]

**PERTINENT FACTUAL AND PROCEDURAL HISTORY**

A detailed history of this litigation can be found in Plaintiffs' Memorandum of Law in

---

[1] Class Counsel respectfully bring to the Court's attention that the Memorandum Decision and Order mistakenly computed one-third of the $214,637.08 Net Settlement Fund as $70,830.24, instead of $71,545.69. Doc. 49 at 28.

1

Support of their Unopposed Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, Approval of the FLSA Settlement, and Approval of Service Awards. Doc. 47 at 1-5. The pertinent factual and procedural history with respect to this Motion for Reconsideration starts and ends with Plaintiffs' preliminary and final approval papers.

On January 24, 2020, Plaintiffs Jerry Baudin, Josephine Duffney and Karishma Persaud ("Plaintiffs") filed their Unopposed Motion for Preliminary Approval of Class Action Settlement, Approval of Class Notice, and Setting Final Approval Hearing ("Preliminary Approval Motion"). Doc. 41. The Preliminary Approval Motion requested, among other things, that the Court preliminarily certify the proposed Settlement Class, preliminarily approve the $244,000 class/collective action settlement, and preliminarily appoint Sommers Schwartz, P.C. Senior Shareholder Kevin J. Stoops and Associate Attorney Rod M. Johnston as Class Counsel. *Id.* at 1-2. In the motion, Class Counsel signaled to the Court that upon application for final approval of the settlement, Class Counsel would seek an attorneys' fee award of one-third of the $244,000 Gross Settlement Fund, or $81,333.33. *Id.* at 8, 23.

In support of preliminary approval, and in anticipation of moving the Court for the aforementioned fee award upon application of final approval, Sommers Schwartz, P.C. Senior Shareholder Kevin J. Stoops submitted a declaration stating, in pertinent part,

> **I typically charge $615 per hour for my legal services in FLSA and state wage law class action cases**. … Therefore, I believe that we are reasonable in charging lodestar rates of $615 per hour for myself and $350 for Mr. Johnston, and lower rates for paralegals and legal assistants who worked on this matter.

Doc. 41-2 ¶ 36 (emphasis added). Sommers Schwartz, P.C. Associate Attorney Rod M. Johnston submitted a similar declaration in support of preliminary approval, stating, in pertinent part,

> **I typically charge $350 per hour for my legal services in FLSA and state wage law class action cases**. … Therefore, I believe that we are reasonable in charging lodestar rates of $350 per hour for myself and $615 for Mr. Stoops, and lower rates

for paralegals and legal assistants who worked on this matter.

Doc. 41-3 ¶ 36 (emphasis added).

On January 29, 2020, the Court preliminarily approved the settlement and preliminarily confirmed Kevin J. Stoops and Rod M. Johnston of Sommers Schwartz, P.C. as Class Counsel. Doc. 42.

After the close of the class notice period, Plaintiffs filed their final approval papers, consisting of 1) Plaintiffs' Unopposed Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, Approval of the FLSA Settlement, and Approval of Service Awards, Doc. 47, and 2) Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees and Reimbursement of Expenses. Doc. 48.

Class Counsel's fee application requested a fee award of one-third of the $244,000 Gross Settlement Fund, or $81,333.33, and reimbursement of up to $10,000 of Class Counsel's necessarily incurred out-of-pocket expenses. *Id.* at 1, 22. Class Counsel spent approximately 209 hours in the prosecution of this case, not including any time spent working on the case subsequent to the filing of the final approval papers on July 16, 2020. *d.* at 1, 9, 19; Declaration of Kevin J. Stoops in Support of Plaintiffs' Motion for Approval of Attorneys' Fees, Doc. 48-1 ¶ 38; Declaration of Rod M. Johnston in Support of Plaintiffs' Motion for Approval of Attorneys' Fees, Doc. 48-2 ¶ 38, Ex. B (summary table of Class Counsel's lodestar and expenses). Class Counsel applied a $615 lodestar rate to the 46.9 hours worked by Mr. Stoops, a $350 lodestar rate to the 133.2 hours worked by Mr. Johnston, and a $150 lodestar rate to the 11.3 hours worked by paralegal Debra A. Nichols, for a lodestar of $83,222.90. Doc. 48 at 1, 9, 19; Doc. 48-1 ¶ 41; Doc. 48-2 ¶ 41, Ex. B.[2] The fee request, therefore, was a negative multiplier of 0.98 of Class Counsel's

---

[2] Class Counsel's lodestar of $83,222.90 includes local counsel Brown, LLC's lodestar of

3

lodestar. Doc. 48 at 1, 19; Docs. 48-1 & 48-2 ¶¶ 41.

In support of Class Counsel's fee application, Sommers Schwartz, P.C. Senior Shareholder Kevin J. Stoops submitted a declaration with one small but very costly typographical error regarding his lodestar rate. Declaration of Kevin J. Stoops in Support of Plaintiffs' Motion for Reconsideration ("Stoops Decl.") ¶¶ 16, 30; Declaration of Rod M. Johnston in Support of Plaintiffs' Motion for Reconsideration ("Johnston Decl.") ¶¶ 19, 33. Contrary to Mr. Stoops' declaration in support of preliminary approval, which correctly stated that Mr. Stoops charges $615 per hour for his legal services in wage and hour class/collective action lawsuits, Doc. 41-2 ¶ 36, his declaration in support of Class Counsel's fee application erroneously stated that,

> **Sommers Schwartz typically charges <u>$350 per hour</u> for my legal services in FLSA and state wage law class action cases**. … Therefore, I believe that we are reasonable in charging lodestar rates of $615 per hour for myself, $350 per hour for Mr. Johnston, and lower rates for paralegals and legal assistants who worked on this matter.

Doc. 48-1 ¶ 37 (emphasis added); Stoops Decl. ¶ 17; Johnston Decl. ¶ 20.

The prevailing hourly rate charged by Sommers Schwartz, P.C. for Mr. Stoops' legal services in wage and hour class/collective action lawsuits like this one is $615 per hour – not $350 per hour. Stoops Decl. ¶ 18; Johnston Decl. ¶ 21; Doc. 41-2 ¶ 36.

The typographical error reflected in Mr. Stoops' declaration, Doc. 48-1 ¶ 37, stems from the fact that the supporting declarations submitted by Mr. Stoops and Mr. Johnston in support of Class Counsel's fee application were substantially similar, with only a few variations between them, such as their practice backgrounds and the type of work they performed in prosecuting this

---

$6,064.40. Doc. 48-2, Ex. B. Brown, LLC has spent approximately 17.86 hours in the prosecution of this case, not including any time spent working on the case subsequent to the filing of the final approval papers on July 16, 2020. *Id*. Since Brown, LLC's lodestar represents only 7.28% of Class Counsel's lodestar, the balance of this Memorandum of Law will focus on the lodestar and lodestar rates of Sommers Schwartz, P.C.

case. *See* Docs. 48-1 & 48-2; Stoops Decl. ¶ 20; Johnston Decl. ¶ 23.

Sommers Schwartz, P.C. Associate Attorney Rod M. Johnston, who was in charge of drafting the final approval papers, including the declarations, drafted his own declaration first and then used his declaration as a "template" declaration, modifying it where appropriate, in order to create a separate declaration for Mr. Stoops. Stoops Decl. ¶ 21; Johnston Decl. ¶ 24. Mr. Johnston's declaration in support of Class Counsel's fee application correctly reflects his lodestar rate of $350 per hour, Doc 48-2 ¶ 37, but unfortunately, he neglected to adjust the lodestar rate from $350 to $615 when he created Mr. Stoops' declaration, *see* Doc. 48-1 ¶ 37, and neither Mr. Stoops nor Mr. Johnston noticed the error when they reviewed the final approval papers before filing. Stoops Decl. ¶ 22; Johnston Decl. ¶ 25. Class Counsel first became aware of the error when the Court issued its Memorandum Decision and Order. *Id.*[3]

Naturally, the typographical error caused the Court to mistakenly conclude that Class Counsel artificially inflated Mr. Stoops' lodestar rate from $350 to $615 and then applied the inflated rate to the 46.9 hours worked by Mr. Stoops in order to generate a higher lodestar (and a negative lodestar multiplier) in support of Class Counsel's fee application. Doc. 49 at 26 n. 1, 29. In the Memorandum Decision and Order, the Court chastised Class Counsel (rightfully so) for engaging in such chicanery and reduced Class Counsel's lodestar from $83,222.90 to $68,904.83

---

[3] While Class Counsel takes full responsibility for the oversight, the final approval papers were quite voluminous, such that one or two typographical errors would not be altogether surprising or even uncommon, no matter how meticulous Class Counsel was in preparing the final approval papers. Stoops Decl. ¶ 23; Johnston Decl. ¶ 26. This counsels in favor of reconsideration. *Id.* Furthermore, the fact that Mr. Stoops did not draft his own declaration is irrelevant to the issue at hand. Stoops Decl. ¶ 24; Johnston Decl. ¶ 27. Mr. Stoops reviewed and approved the final approval papers, including his declaration, before filing. Stoops Decl. ¶¶ 22, 24; Johnston Decl. ¶¶ 25, 27. Furthermore, delegating work to the attorney with the lowest hourly billing rate who is competent enough to do the work is prudent in class/collective action litigation because, among other things, it helps keep class counsel's lodestar in check. Stoops Decl. ¶ 24; Johnston Decl. ¶ 27.

5

by applying a $350 lodestar rate to the 46.9 hours worked by Mr. Stoops, rather than the $615 rate applied by Class Counsel. *Id*. After adjusting for Mr. Stoops' "inflated 'lodestar rate,'" the Court awarded Class Counsel one-third of the Net Settlement Fund, or $70,830.24. *Id*. at 28-29, 30 n. 2.

Class Counsel respectfully submit that, but for the typographical error and the Court's mistaken belief that Class Counsel submitted inflated lodestar rates in order to generate a negative lodestar multiplier, the Court would have strongly considered granting Class Counsel's fee request of one-third of the Gross Settlement Fund, or $81,333.33. *See id*. at 29 ("When reducing Mr. Stoops' time to his *normal billing rate of $350 per hour*, the lodestar is now $68,904.83, which results in an adjusted lodestar multiplier of 1.03. **This adjusted lodestar multiplier further supports the Court's decision that the attorneys' fees award should be based on the Net Settlement Fund**.") (emphasis added).

For the reasons discussed herein, Plaintiffs respectfully request that the Court reconsider its Memorandum Decision and Order awarding Class Counsel one-third of the Net Settlement Fund and, in the interests of justice and to avoid punishing Class Counsel for an inadvertent error, grant Class Counsel's request for attorneys' fees of $81,333.33, which is one-third of the $244,000 Gross Settlement Fund.

## LEGAL ARGUMENT

### A.  Legal Standard for Motions for Reconsideration

"Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g)." *Merola v. Cuomo*, No. 1:19-CV-899-GLS-TWD, 2020 WL 409789, at *1 (N.D.N.Y. Jan. 24, 2020). This Court has explained the standard for a motion for reconsideration as follows:

> "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.,* 182 B.R. 1, 2 (N.D.N.Y. 1995). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in

> other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to re[-]litigate an issue already decided." *Shrader,* 70 F.3d at 257.

*Troeger v. Ellenville Cent. School Dist.,* No. 1:10-cv-718, 2012 WL 3643839, at *1 (N.D.N.Y.2012).

Here, there has been no intervening change in controlling law, nor is there new evidence not previously available. Hence, Plaintiffs move for reconsideration of Class Counsel's fee application in order to prevent manifest injustice. The Court's decision to award Class Counsel $70,830.24 in attorneys' fees, and to therefore deny Class Counsel's request for one-third of the $244,000 Gross Settlement Fund, was premised upon erroneous information mistakenly supplied to the Court by Class Counsel. While Class Counsel takes full responsibility for submitting a supporting declaration with a costly typographical error, courts have granted motions for reconsideration in order to prevent a manifest injustice where, as here, the moving party and/or its counsel made an inadvertent and costly error. *See e.g.*, *Gayle v. Harry's Nurses Registry, Inc.*, CV 07-4672 NGG MDG, 2013 WL 5502951, at *4 (E.D.N.Y. Aug. 26, 2013) (recommending granting plaintiff's motion for reconsideration in order to prevent a manifest injustice where plaintiff submitted documentary evidence that she worked overtime hours for which time sheets were not previously submitted); *Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 175 (5th Cir. 1990) (affirming grant of Rule 59(e) motion to reconsider summary judgment to consider evidentiary materials counsel mistakenly failed to submit originally), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069 (5th Cir. 1994); *Rollins v. New York State Div. of Parole*, 03CV5952 NGGRLM, 2007 WL 539158, at *1 (E.D.N.Y. Feb. 16, 2007) (granting motion

for reconsideration of summary judgment to consider plaintiff's 56.1 statement that counsel negligently failed to serve and file); *Crews Trading Co., Inc. v. Terral Farm Serv., Inc.*, CIV.A. 05-0040, 2005 WL 3555918, at *2-*3 (W.D. La. Dec. 28, 2005) (granting motion for reconsideration of summary judgment in interest of justice to consider affidavits not previously submitted); *Burger v. Mays,* 176 F.R.D. 153-155 (E.D. Pa. 1997) (granting motion for reconsideration of previously unopposed motion in limine to prevent manifest injustice where plaintiff's counsel forgot to file a response to the motion in limine because he failed to properly mark the due date on his computerized calendar); *Mobil Oil Corp. v. Amoco Chemicals Corp.*, 915 F. Supp. 1333, 1377-78 (D. Del. 1994) (in patent infringement suit, prevention of manifest injustice required that patentee's motion to amend damage award in its favor be granted, even though patentee neglected to introduce proper calculations at trial).

The foregoing opinions recognize that lawyers are human and make mistakes and that those mistakes can be costly for both counsel and their clients. Class Counsel respectfully submit that the Memorandum Decision and Order was premised upon erroneous information mistakenly supplied to the Court by Class Counsel. Under these circumstances, prevention of manifest injustice requires reconsideration so that the Court can determine a fair and reasonable fee award for Class Counsel with the benefit of having accurate information regarding Class Counsel's lodestar rates and now that the Court knows that Class Counsel did not improperly inflate their lodestar rates in support of their fee application.

**B.   The $350 Lodestar Rate Reflected in Kevin J. Stoops' Declaration in Support of Class Counsel's Fee Application is a Typographical Error**

The motivation for Plaintiffs' Motion for Reconsideration is twofold: *First*, and most importantly, Class Counsel wishes to correct the record and assure the Court that Class Counsel did not artificially inflate Mr. Stoops' lodestar rate from $350 to $615 in order to generate a

8

negative lodestar multiplier in support of Class Counsel's fee application. *Second*, Class Counsel seeks to persuade the Court to reconsider its decision to award Class Counsel one-third of the Net Settlement Fund, or $70,830.24, and instead grant Class Counsel's fee application of one-third of the Gross Settlement Fund, or $81,333.33. *See* Plaintiffs' Memo. in Support of their Motion for Approval of Attorneys' Fees and the supporting declarations of Kevin J. Stoops and Rod M. Johnston for a detailed explanation of why Class Counsel's fee request is reasonable, including a detailed analysis of Class Counsel's fee request measured against the *Goldberger* factors. Docs. 48, 48-1 & 48-2.

To begin, the $350 lodestar rate reflected in Mr. Stoops' declaration in support of Class Counsel's fee application is a typographical error. Stoops Decl. ¶¶ 16, 30; Johnston Decl. ¶¶ 19, 33; *compare* Declaration of Kevin J. Stoops in support of Class Counsel's fee application, Doc. 48-1 ¶ 37 (erroneously reflecting a $350 lodestar rate for Mr. Stoops in wage and hour class/collective action lawsuits) with the Declaration of Kevin J. Stoops in support of Plaintiffs' Preliminary Approval Motion, Doc. 41-2 ¶ 36 (correctly reflecting a $615 lodestar rate for Mr. Stoops in wage and hour litigation). In fact, it is Sommers Schwartz, P.C. Associate Attorney Rod M. Johnston, not Mr. Stoops, who charges $350 per hour in class/collective action lawsuits. Johnston Decl. ¶ 25; Doc. 41-3 ¶ 36; Doc. 48-2 ¶ 37. The prevailing hourly rate charged by Sommers Schwartz, P.C. for Mr. Stoops' legal services in wage and hour class/collective action lawsuits like this one is $615 per hour – not $350 per hour. Stoops Decl. ¶ 18; Johnston Decl. ¶ 21; Doc. 41-2 ¶ 36.

The typographical error is readily apparent when one examines the declaration previously submitted by Mr. Stoops in support of Plaintiff's Preliminary Approval Motion, in which Mr. Stoops stated, in pertinent part,

9

> **I typically charge $615 per hour for my legal services in FLSA and state wage law class action cases**. … Therefore, I believe that we are reasonable in charging lodestar rates of $615 per hour for myself and $350 for Mr. Johnston, and lower rates for paralegals and legal assistants who worked on this matter.

Doc. 41-2 ¶ 36 (emphasis added).

Naturally, the typographical error caused the Court to mistakenly conclude that Class Counsel artificially inflated Mr. Stoops' lodestar rate from $350 to $615 in order to generate a higher lodestar (and a negative lodestar multiplier) in support of Class Counsel's fee application. Doc. 49 at 26 n. 1, 29. This could not be further from the truth. Stoops Decl. ¶ 31; Johnston Decl. ¶ 34. Class Counsel would never engage in such chicanery. *Id*. Class Counsel frequently submits fee applications to federal district courts across the country in connection with class/collective action settlements requesting fee awards with positive lodestar multipliers. Stoops Decl. ¶ 32; Johnston Decl. ¶ 35. In these situations, Class Counsel focuses on demonstrating to the Court that the contingent nature of class/collective litigation and the results achieved on behalf of the class merit a fee award with a reasonable lodestar multiplier. *Id*.

One such example took place in January of this year, when Sommers Schwartz, P.C. Senior Shareholder Matthew L. Turner and Associate Attorney Rod. M. Johnson, along with three other law firms, filed a motion for approval of a collective action settlement in the U.S. District Court for the Western District of Pennsylvania. *See Herbin et al. v. The PNC Financial Services Group, Inc. et al.*, No. 2:19-cv-00696-CB ("*Herbin*"), Doc. 18, **Ex. A**.[4] In the motion, Class Counsel requested a fee award of one-third of the $2,750,000 Gross Settlement Fund, or $916,666.67. *Id*., pp. 14 & 27. Class Counsel's lodestar was $295,268, meaning that the one-third percentage fee request of $916,666.67 was a positive multiplier of 3.1 of Class Counsel's lodestar. *Id*., p. 30;

---

[4] All Exhibits are attached to the Declaration of Rod M. Johnston in Support of Plaintiffs' Motion for Reconsideration.

*Herbin*, Doc. 18.1, Ex. 4 (summary table of Class Counsel's lodestar and expenses), **Ex. A**. Class Counsel successfully argued that the one-third percentage fee request of $916,666.67 (and the associated 3.1 lodestar multiplier) was fair and reasonable using the "*Girsh* factors," *see Girsh v. Jepson,* 521 F.2d 153, 156-57 (3d Cir. 1975), which are similar to the Second Circuit's *Goldberger* factors. *Herbin*, Doc. 18, pp. 26-30, **Ex. A**. The Pennsylvania district court approved the settlement and the request for attorneys' fees and expenses and entered a judgment thereon. *Herbin*, Docs. 25-26, **Exs. B-C**.

In short, Class Counsel does not, nor have they ever, inflated their lodestar or lodestar rates in order to generate artificially low or negative lodestar multipliers to support their fee applications. Stoops Decl. ¶ 34; Johnston Decl. ¶ 37.

To the extent that the Court's decision to award Class Counsel one-third of the Net Settlement Fund, as opposed to one-third of the Gross Settlement Fund, was influenced by its mistaken belief that Class Counsel submitted artificially inflated lodestar rates, Class Counsel respectfully request that the Court reconsider its decision with the benefit of having accurate information regarding Class Counsel's lodestar rates and now that the Court knows that Class Counsel did not improperly inflate their lodestar rates in support of their fee application.

### C. Class Counsel's Fee Application is Fair and Reasonable Using the "Percentage-of-Recovery" Method

Class Counsel's fee application (one-third of the Gross Settlement Fund) is fair and reasonable using the "percentage-of-recovery" method. *See* Plaintiffs' Memo. of Law in Support of their Motion for Approval of Attorneys' Fees, Doc. 48 at 3-5 (discussing how the "percentage of the fund method" is the preferred method for awarding attorneys' fees in common fund cases in the Second Circuit) and 6-16 (discussing the *Goldberger* factors and why they support a fee award of 33% of the Gross Settlement Fund).

"[C]ourts in the Second Circuit routinely award attorneys in FLSA settlements one-third of the total recovery in fees." *Khan v. Dunwoodie Gas Station, Inc.*, 19-CV-5581 (KMK), 2020 WL 1166180, at *5 (S.D.N.Y. Mar. 10, 2020) (citing cases); *In re Beacon Associates Litig.*, 09 CIV. 3907 CM, 2013 WL 2450960, at *5 (S.D.N.Y. May 9, 2013) ("In this Circuit, courts routinely award attorneys' fees that run to 30% and even a little more of the amount of the common fund." (citing cases)); *Gay v. Tri-Wire Engr. Sols., Inc.*, 12-CV-2231 KAM JO, 2014 WL 28640, at *11-*12 (E.D.N.Y. Jan. 2, 2014) (awarding 35.3% of the $183,123.60 gross settlement fund and noting that "under the percentage of recovery method, the court sets a percentage of the total recovery to determine the attorney's fees" and that "district courts in this Circuit have routinely upheld attorney's fees awards of 30% to 33–1/3% in class action cases where a counsel's fee award was entirely contingent on success, and have occasionally approved greater attorney's fees awards.") (citation omitted); *Marroquin Alas v. Champlain Valley Specialty of New York, Inc.*, No. 5:15-CV-00441-MAD-TWD, 2016 WL 3406111, at *7 (N.D.N.Y. June 17, 2016) (approving attorneys' fee award of $90,000 plus costs, which represented 31.8% of the $282,500 gross settlement fund); *City of Providence v. Aeropostale, Inc.*, 11 CIV. 7132 CM GWG, 2014 WL 1883494, at *13 (S.D.N.Y. May 9, 2014) (finding "33% fee request [of $15 million settlement] is reasonable").

**D.     Class Counsel's Fee Application is Fair and Reasonable Under the "Lodestar Method"**

Performing the lodestar crosscheck here confirms that Class Counsel's fee application is reasonable and should be approved. *See* Plaintiffs' Memo. of Law in Support of their Motion for Approval of Attorneys' Fees, Doc. 48 at 17-21 (discussing the lodestar crosscheck and why it supports an award to Class Counsel of one-third of the Gross Settlement Fund). Class Counsel spent approximately 209 hours in the prosecution of this case. *Id*. at 1, 9, 19; Doc. 48-1 ¶ 38; Doc. 48-2 ¶ 38, Ex. B (summary table of Class Counsel's lodestar and expenses). Class Counsel applied

12

a $615 lodestar rate to the 46.9 hours worked by Mr. Stoops, a $350 lodestar rate to the 133.2 hours worked by Mr. Johnston, and a $150 lodestar rate to the 11.3 hours worked by paralegal Debra A. Nichols, for a lodestar of $83,222.90 (including local counsel Brown, LLC's lodestar of $6,064.40). Doc. 48 at 1, 9, 19; Doc. 48-1 ¶ 41; Doc. 48-2 ¶ 41, Ex. B. The fee request, therefore, is a negative multiplier of 0.98 of Class Counsel's lodestar. Doc. 48 at 1, 19; Docs. 48-1 & 48-2 ¶¶ 41. The negative lodestar multiplier of 0.98 strongly indicates that the fee request is reasonable. *See City of Providence*, 2014 WL 1883494, at *13 ("The fee request is a negative multiplier of 0.70 of Plaintiffs' Counsel's lodestar. Such a multiplier is well below the parameters used throughout district courts in the Second Circuit, which affords additional evidence that the requested fee is reasonable.") (citing *In re Bear Stearns Cos. Sec. Derivative & ERISA Litig.,* 909 F.Supp.2d 259, 271 (S.D.N.Y. 2012) (approving requested fee with a negative multiplier of less than 0.92 and noting that the negative multiplier was a "strong indication of the reasonableness of the [requested] fee")).

Class Counsel's lodestar rates are not atypical, nor unreasonable. The Southern District of New York recently stated that, "partner rates as high as $715 an hour can be reasonable" and "associate rates ranging from $220 to $550, depending on experience, can also be reasonable." *Brown v. Barnes and Noble, Inc.*, No. 16-CV-07333-MKV-KHP, 2020 WL 2489061, *3-*4 (S.D.N.Y. May 14, 2020) (holding that "based on this Court's own knowledge of prevailing rates in FLSA collective actions and the case law in this District, I find that the hourly rate of $650 is appropriate for Mr. Shavitz and Mr. Hepworth, who both have 20 years of experience, that $500 per hour is an appropriate rate for Mr. Palitz, who has almost ten years of experience, and that $450 per hour is appropriate for Ms. Predovan, a senior associate.").

That being said, Class Counsel recognizes that the attorney and paralegal lodestar rates

asserted in this case, ranging from $150 per hour for paralegal Debra A. Nichols to $350 per hour for Associate Attorney Rod M. Johnston to $615 per hour for Senior Shareholder Kevin J. Stoops, are somewhat higher than what is normally accepted within this District. *See Deferio v. City of Syracuse*, No. 5-16-CV-361-LEK-TWD, 2018 WL 3069200, at *3 (N.D.N.Y. June 21, 2018) ("Recent cases in the Northern District have upheld hourly rates between $250 and $350 for partners; between $165 and $200 for associates; and between $80 and $90 for paralegals." (collecting cases)). Using the mid-point of these rates (i.e., $300 for Mr. Stoops, $182.50 for Mr. Johnston, and $85 for Ms. Nichols), the hourly total -- not including expenses, time spent preparing for and remotely attending the final approval hearing, or the time Class Counsel will spend overseeing the distribution of the settlement proceeds -- would be approximately $45,403.90, rather than Class Counsel's asserted $83,222.90. Stoops Decl. ¶ 42; Johnston Decl. ¶ 45.

Under that scenario, the requested attorneys' fee award of $81,333.33 would represent a multiplier of approximately 1.79. Stoops Decl. ¶ 43; Johnston Decl. ¶ 46. Although higher than the asserted 0.98 multiplier that would apply to Class Counsel's stated lodestar, a 1.79 multiplier is reasonable in light of the *Goldberger* factors (discussed at length in Plaintiffs' Memo. of Law in Support of their Motion for Approval of Attorneys' Fees), *see Goldberger v. Integrated Res. Inc.,* 209 F.3d 43 (2d Cir. 2000), and is in line with other cases in the Second Circuit.[5]

---

[5] *See e.g., Cruz v. Sal-Mark Rest. Corp.*, 1:17-CV-0815 (DJS), 2019 WL 355334, at *8 (N.D.N.Y. Jan. 28, 2019) ("a 1.4 multiplier is reasonable in light of the *Goldberger* factors"); *Cohan v. Columbia Sussex Mgt., LLC*, CV 12-3203 (AKT), 2018 WL 4861391, at *5 (E.D.N.Y. Sept. 28, 2018) ("the Court finds the 2.3 multiplier to be well within the range awarded by courts in the Second Circuit."); *Springer v. Code Rebel Corp.*, No. 16-CV-3492, 2018 WL 1773137, at *5 (S.D.N.Y. Apr. 10, 2018) ("the lodestar multiplier is approximately 2.02, which is also within the range of multipliers that have been applied in other cases."); *Hall v. ProSource Techs., LLC*, 14-CV-2502 (SIL), 2016 WL 1555128, at *17 (E.D.N.Y. Apr. 11, 2016) ("This award represents a 2.08 multiplier of the modified lodestar, which is reasonable in light of the *Goldberger* factors, and is in line with other cases in the Second Circuit.") (citing cases); *Mills v. Capital One, N.A.*, 14 CIV. 1937 HBP, 2015 WL 5730008, at *17 (S.D.N.Y. Sept. 30, 2015) ("I conclude that a

**CONCLUSION**

For the reasons discussed herein, Class Counsel respectfully request that the Court reconsider its Memorandum Decision and Order awarding Class Counsel one-third of the Net Settlement Fund and, in the interests of justice and to avoid punishing Class Counsel for an inadvertent error, grant Class Counsel's request for attorneys' fees of $81,333.33, which is one-third of the $244,000 Gross Settlement Fund.

---

reasonable *Goldberger* multiplier is 2.21, yielding a fee award of $500,000."); *Lizondro-Garcia v. Kefi LLC*, 12 CIV. 1906 HBP, 2015 WL 4006896, at *10-12 (S.D.N.Y. July 1, 2015) ("the 1.68 multiplier is reasonable in light of the successful settlement, the need to encourage similarly experienced attorneys to take on the risk of litigation to safeguard the rights of employees and the fact that plaintiffs were unlikely to pursue their claims individually because the burden of litigation would most likely outweigh any potential recovery."); *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (awarding a 2.28 multiplier and noting that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases."); *Trinidad v. Pret a Manger (USA) Ltd.*, 12 CIV. 6094 PAE, 2014 WL 4670870, at *12 (S.D.N.Y. Sept. 19, 2014) ("this award represents a multiplier of 1.82, giving class counsel ample credit for the effort and risk involved in this [FLSA and NYLL class action] case."); *Febus v. Guardian First Funding Group, LLC*, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (accepting a lodestar multiplier of 2.2 as "well within the range of acceptable"); *McMahon v. Olivier Cheng Catering and Events, LLC*, 08 CIV. 8713 (PGG), 2010 WL 2399328, at *8 (S.D.N.Y. Mar. 3, 2010) ("the Court finds that the multiplier that Class Counsel seek— approximately 1.4 times lodestar—is reasonable.") (internal citation omitted); *In re Telik, Inc. Securities Litig.*, 576 F. Supp. 2d 570, 590 (S.D.N.Y. 2008) ("a 1.6x multiplier is well within the range of reasonableness."); *In re Medco Health Sols., Inc., Pharm. Benefits Mgt. Litig.*, 03MDL1508, 2004 WL 1243873, at *11 (S.D.N.Y. May 25, 2004) ("Settling Plaintiffs' Counsels' request of 30% of the Settlement Fund, applies a multiplier of 1.786 to the submitted lodestar. This multiplier is reasonable and fair"); *In re Glob. Crossing Securities and ERISA Litig.*, 225 F.R.D. 436, 468 (S.D.N.Y. 2004) ("the requested 2.16 multiplier falls comfortably within the range of lodestar multipliers and implied lodestar multipliers used for cross-check purposes in common fund cases in the Southern District of New York.") (citation and footnote omitted); *Ross v. A.H. Robins Co., Inc.*, 700 F. Supp. 682, 687 (S.D.N.Y. 1988) (finding award of $1,800,000 after applying lodestar multiplier of 1.8 was appropriate); *Kane Associates v. Clifford*, 75 CIV. 141, 1980 WL 1403, at *5 (E.D.N.Y. Apr. 29, 1980) ("The use of a multiplier of 1.7 seems reasonable to this Court in view of the risks of this litigation which included the possibility that plaintiffs might recover nothing.").

| | |
|---|---|
| Dated: August 24, 2020 | /s/ *Rod M. Johnston* <br> Kevin J. Stoops (admitted *pro hac vice*) <br> Rod M. Johnston (admitted *pro hac vice*) <br> SOMMERS SCHWARTZ, P.C. <br> One Towne Square, 17th Floor <br> Southfield, Michigan 48076 <br> Phone: (248) 355-0300 <br> kstoops@sommerspc.com <br> rjohnston@sommerspc.com <br><br> Jason T. Brown (*NY Bar ID# 4389854*) <br> Nicholas Conlon (*NY Bar ID# 801616*) <br> JTB LAW GROUP, LLC <br> 155 2nd Street, Suite 600 <br> Jersey City, New Jersey 07302 <br> Phone: (877) 561-0000 <br> jtb@jtblawgroup.com <br> nicholasconlon@jtblawgroup.com <br><br> *Attorneys for Plaintiffs and the putative Class/Collective action members* |

## CERTIFICATE OF SERVICE

I certify that on August 24, 2020, I electronically filed the forgoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ *Rod M. Johnston*
Rod M. Johnston