UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

| | |
|---|---|
| **JERRY BAUDIN**, **JOSEPHINE DUFFNEY** and **KARISHMA PERSAUD**, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**RESOURCE MARKETING CORP., LLC**,<br><br>Defendant. | Case No.:  1:19-cv-00386-MAD-CFH |

**DECLARATION OF ROD M. JOHNSTON IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**

I, Rod M. Johnston, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I make this Declaration upon personal knowledge and state that the information specified below is true to the best of my knowledge and, if sworn as a witness, I would be competent to testify to the same.

2.      This Declaration is in support of Plaintiffs' Motion for Reconsideration, which is being filed concurrently with this Declaration, and to authenticate the Exhibits attached hereto.

3.      Attached hereto as Exhibit A is a true and correct copy of docket entry number 18 in the case *Herbin et al. v. The PNC Financial Services Group, Inc. et al.*, No. 2:19-cv-00696-CB ("*Herbin*"), Plaintiffs' Unopposed Motion to Approve Collective Action Settlement, Authorize Notice Mailing, and Dismiss with Prejudice.

4.      Attached hereto as Exhibit B is a true and correct copy of docket entry number 25 in *Herbin*, Agreed Order on Plaintiffs' Unopposed Motion for Order Approving Settlement of Collective Action and Authorizing Notice of Settlement and Opportunity to File Consent to Join and Release Forms and Dismissal with Prejudice.

5.      Attached hereto as Exhibit C is a true and correct copy of docket entry number 26 in *Herbin*, Judgment Order.

**Background**

6.      I am an Associate Attorney in the law firm of Sommers Schwartz, P.C. ("Sommers Schwartz") in Southfield, Michigan, and have worked for the firm since 2015 as a member of the Complex Litigation Department, participating in the firm's direct and class action litigation on behalf of those harmed as a result of wage and overtime violations and consumer fraud. Most, if not all, of my time is devoted to challenging illegal wage and hour practices on behalf of current and former employees.

7. Sommers Schwartz Senior Shareholder Kevin J. Stoops and I are the lead attorneys ("Class Counsel") in the above-captioned matter, filed by Plaintiffs Jerry Baudin, Josephine Duffney and Karishma Persaud ("Plaintiffs") on behalf of themselves and those similarly situated.

**Pertinent Factual and Procedural History**

8. The pertinent factual and procedural history with respect to Plaintiffs' Motion for Reconsideration starts and ends with Plaintiffs' preliminary and final approval papers.

9. On January 24, 2020, Plaintiffs filed their Unopposed Motion for Preliminary Approval of Class Action Settlement, Approval of Class Notice, and Setting Final Approval Hearing ("Preliminary Approval Motion"). Doc. 41.

10. The Preliminary Approval Motion requested, among other things, that the Court preliminarily certify the proposed Settlement Class, preliminarily approve the $244,000 class/collective action settlement, and preliminarily appoint Sommers Schwartz Senior Shareholder Kevin J. Stoops and I as Class Counsel. *Id*. at 1-2.

11. In the Preliminary Approval Motion, Class Counsel signaled to the Court that upon application for final approval of the settlement, Class Counsel would seek an attorneys' fee award of one-third of the $244,000 Gross Settlement Fund, or $81,333.33. *Id*. at 8, 23.

12. In support of the Preliminary Approval Motion, and in anticipation of moving the Court for the aforementioned fee award upon application of final approval, Sommers Schwartz Senior Shareholder Kevin J. Stoops submitted a declaration stating, in pertinent part, "**I typically charge $615 per hour for my legal services in FLSA and state wage law class action cases**. … Therefore, I believe that we are reasonable in charging lodestar rates of $615 per hour for myself and $350 for Mr. Johnston, and lower rates for paralegals and legal assistants who worked on this matter." Doc. 41-2 ¶ 36 (emphasis added).

13. I submitted a similar declaration in support of the Preliminary Approval Motion,

3

stating, in pertinent part, "**I typically charge $350 per hour for my legal services in FLSA and state wage law class action cases**. ... Therefore, I believe that we are reasonable in charging lodestar rates of $350 per hour for myself and $615 for Mr. Stoops, and lower rates for paralegals and legal assistants who worked on this matter." Doc. 41-3 ¶ 36 (emphasis added).

14.     On January 29, 2020, the Court preliminarily approved the settlement and preliminarily confirmed Kevin J. Stoops and I as Class Counsel. Doc. 42.

15.     After the close of the class notice period, Plaintiffs filed their final approval papers, consisting of 1) Plaintiffs' Unopposed Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, Approval of the FLSA Settlement, and Approval of Service Awards, Doc. 47, and 2) Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees and Reimbursement of Expenses. Doc. 48.

16.     Class Counsel's fee application requested a fee award of one-third of the $244,000 Gross Settlement Fund, or $81,333.33, and reimbursement of up to $10,000 of Class Counsel's necessarily incurred out-of-pocket expenses. *Id.* at 1, 22.

17.     Class Counsel has spent approximately 209 hours in the prosecution of this case, not including any time spent working on the case subsequent to the filing of the final approval papers on July 16, 2020. *Id*. at 1, 9, 19; Declaration of Kevin J. Stoops in Support of Plaintiffs' Motion for Approval of Attorneys' Fees, Doc. 48-1 ¶ 38; Declaration of Rod M. Johnston in Support of Plaintiffs' Motion for Approval of Attorneys' Fees, Doc. 48-2 ¶ 38, Ex. B (summary table of Class Counsel's lodestar and expenses).

18.     In support of Class Counsel's fee application, Class Counsel calculated their lodestar by applying a $615 lodestar rate to the 46.9 hours worked by Mr. Stoops, a $350 lodestar rate to the 133.2 hours worked by myself, and a $150 lodestar rate to the 11.3 hours worked by Sommers Schwartz paralegal Debra A. Nichols, for a lodestar of $83,222.90. Doc. 48 at 1, 9, 19;

Doc. 48-1 ¶ 41; Doc. 48-2 ¶ 41, Ex. B.[1] The fee request, therefore was a negative multiplier of 0.98 of Class Counsel's lodestar. Doc. 48 at 1, 19; Docs. 48-1 & 48-2 ¶¶ 41.

19. In support of Class Counsel's fee application, Sommers Schwartz Senior Shareholder Kevin J. Stoops submitted a declaration (Doc 48-1) with a typographical error regarding his lodestar rate.

20. The declaration erroneously stated that, "**Sommers Schwartz typically charges $350 per hour for my legal services in FLSA and state wage law class action cases**. … Therefore, I believe that we are reasonable in charging lodestar rates of $615 per hour for myself, $350 per hour for Mr. Johnston, and lower rates for paralegals and legal assistants who worked on this matter." *Id*. ¶ 37 (emphasis added).

21. The prevailing hourly rate charged by Sommers Schwartz for Mr. Stoops' legal services in wage and hour class/collective action lawsuits like this one is $615 per hour – not $350 per hour.

22. As the lead Associate Attorney on this case, I was in charge of drafting the final approval papers, including the supporting declarations submitted by Mr. Stoops and myself. *See* Docs. 47, 47-1, 47-2, 48, 48-1 & 48-2.

23. The typographical error reflected in Mr. Stoops' declaration, Doc. 48-1 ¶ 37, stems from the fact that the supporting declarations submitted by Mr. Stoops and I in support of Class Counsel's fee application were substantially similar, with only a few variations between them, such as our practice backgrounds and the type of work we performed in prosecuting this case. *See* Docs. 48-1 & 48-2.

---

[1] Class Counsel's lodestar of $83,222.90 includes local counsel Brown, LLC's lodestar of $6,064.40. Doc. 48-2, Ex. B. Brown, LLC has spent approximately 17.86 hours in the prosecution of this case, not including any time spent working on the case subsequent to the filing of the final approval papers on July 16, 2020. *Id*.

24. I drafted my declaration first and then used my declaration as a "template" declaration, modifying it where appropriate, in order to create a separate declaration for Mr. Stoops.

25. My declaration correctly reflects my lodestar rate of $350 per hour, Doc 48-2 ¶ 37, but unfortunately, I neglected to adjust the lodestar rate from $350 to $615 when I created Mr. Stoops' declaration; and neither Mr. Stoops nor I noticed the error when we reviewed the final approval papers before filing. We first became aware of the error when the Court issued its Memorandum and Decision Order. Doc. 49.

26. While Class Counsel takes full responsibility for the oversight, the final approval papers were quite voluminous, such that one or two typographical errors would not be altogether surprising or even uncommon, no matter how meticulous we were in preparing the final approval papers. This counsels in favor of reconsideration.

27. Furthermore, the fact that I, and not Mr. Stoops, drafted his declaration in support of Class Counsel's fee application is irrelevant to the issue at hand. Mr. Stoops reviewed and approved the final approval papers, including his declaration, before filing. Furthermore, delegating work to the attorney with the lowest hourly billing rate who is competent enough to do the work is prudent in class/collective action litigation because, among other things, it helps keep class counsel's lodestar in check.

28. Naturally, the typographical error caused the Court to mistakenly conclude that Class Counsel artificially inflated Mr. Stoops' lodestar rate from $350 to $615 and then applied the inflated rate to the 46.9 hours worked by Mr. Stoops in order to generate a higher lodestar (and a negative lodestar multiplier) in support of Class Counsel's fee application. *Id.* at 26 n. 1, 29.

29. In the Memorandum Decision and Order, the Court chastised Class Counsel (rightfully so) for engaging in such chicanery and reduced Class Counsel's lodestar from

6

$83,222.90 to $68,904.83 by applying a $350 lodestar rate to the 46.9 hours worked by Mr. Stoops, rather than the $615 rate applied by Class Counsel. *Id*. After adjusting for Mr. Stoops' "inflated 'lodestar rate,'" the Court awarded Class Counsel one-third of the Net Settlement Fund, or $70,830.24. *Id*. at 28-29, 30 n. 2.

30.     I strongly believe that, but for the typographical error and the Court's mistaken belief that Class Counsel submitted inflated lodestar rates in order to generate a negative lodestar multiplier, the Court would have strongly considered granting Class Counsel's fee request of one-third of the Gross Settlement Fund, or $81,333.33.

31.     For the reasons discussed herein, and in the Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration, I strongly believe that the Court should reconsider its Memorandum Decision and Order awarding Class Counsel one-third of the Net Settlement Fund and, in the interests of justice and to avoid punishing Class Counsel for an inadvertent error, grant Class Counsel's request for attorneys' fees of $81,333.33, which is one-third of the $244,000 Gross Settlement Fund.

32.     While Class Counsel takes full responsibility for submitting a supporting declaration with a costly typographical error, courts have granted motions for reconsideration in order to prevent a manifest injustice where, as here, the moving party and/or its counsel made an inadvertent and costly error. *See e.g.*, *Gayle v. Harry's Nurses Registry, Inc.*, CV 07-4672 NGG MDG, 2013 WL 5502951, at *4 (E.D.N.Y. Aug. 26, 2013) (recommending granting plaintiff's motion for reconsideration in order to prevent a manifest injustice where plaintiff submitted documentary evidence that she worked overtime hours for which time sheets were not previously submitted); *Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 175 (5th Cir. 1990) (affirming grant of Rule 59(e) motion to reconsider summary judgment to consider evidentiary materials counsel mistakenly failed to submit originally), *abrogated on other grounds by Little v.*

*Liquid Air Corp.,* 37 F.3d 1069 (5th Cir. 1994); *Rollins v. New York State Div. of Parole*, 03CV5952 NGGRLM, 2007 WL 539158, at *1 (E.D.N.Y. Feb. 16, 2007) (granting motion for reconsideration of summary judgment to consider plaintiff's 56.1 statement that counsel negligently failed to serve and file); *Crews Trading Co., Inc. v. Terral Farm Serv., Inc.*, CIV.A. 05-0040, 2005 WL 3555918, at *2-*3 (W.D. La. Dec. 28, 2005) (granting motion for reconsideration of summary judgment in interest of justice to consider affidavits not previously submitted); *Burger v. Mays,* 176 F.R.D. 153-155 (E.D. Pa. 1997) (granting motion for reconsideration of previously unopposed motion in limine to prevent manifest injustice where plaintiff's counsel forgot to file a response to the motion in limine because he failed to properly mark the due date on his computerized calendar); *Mobil Oil Corp. v. Amoco Chemicals Corp.*, 915 F. Supp. 1333, 1377-78 (D. Del. 1994) (in patent infringement suit, prevention of manifest injustice required that patentee's motion to amend damage award in its favor be granted, even though patentee neglected to introduce proper calculations at trial).

**The $350 Lodestar Rate Reflected in Kevin J. Stoops' Declaration in Support of Class Counsel's Fee Application is a Typographical Error**

33.     The $350 lodestar rate reflected in Mr. Stoops' declaration in support of Class Counsel's fee application is a typographical error. *Compare* Declaration of Kevin J. Stoops in support of Class Counsel's fee application, Doc. 48-1 ¶ 37 (erroneously reflecting a $350 lodestar rate for Mr. Stoops in wage and hour class/collective action lawsuits) with the Declaration of Kevin J. Stoops in support of Plaintiffs' Preliminary Approval Motion, Doc. 41-2 ¶ 36 (correctly reflecting a $615 lodestar rate for Mr. Stoops in wage and hour litigation).

34.     Naturally, the typographical error caused the Court to mistakenly conclude that Class Counsel artificially inflated Mr. Stoops' lodestar rate from $350 to $615 in order to generate a higher lodestar (and a negative lodestar multiplier) in support of Class Counsel's fee application. Doc. 49 at 26 n. 1, 29. However, this could not be further from the truth. Class Counsel would

never engage in such chicanery.

35. As nationwide wage and hour attorneys, Mr. Stoops, myself, and the other attorneys in the Sommers Schwarz Complex Litigation Department frequently submit fee applications to federal district courts across the country in connection with class/collective action settlements requesting fee awards with positive lodestar multipliers. In these situations, we focus on demonstrating to the court that the contingent nature of class/collective litigation and the results achieved on behalf of the class merit a fee award with a reasonable lodestar multiplier.

36. One such example took place in January of this year, when Sommers Schwartz Senior Shareholder Matthew L. Turner and I, along with three other law firms, filed a motion for approval of a collective action settlement in the U.S. District Court for the Western District of Pennsylvania. *See Herbin et al. v. The PNC Financial Services Group, Inc. et al.*, No. 2:19-cv-00696-CB ("*Herbin*"), Doc. 18, **Ex. A**. In the motion, we requested a fee award of one-third of the $2,750,000 Gross Settlement Fund, or $916,666.67. *Id*., pp. 14 & 27. Our lodestar was $295,268, meaning that the one-third percentage fee request of $916,666.67 was a positive multiplier of 3.1 of our lodestar. *Id*., p. 30; *Herbin*, Doc. 18.1, Ex. 4 (summary table of Class Counsel's lodestar and expenses), **Ex. A**. We successfully argued that the one-third percentage fee request of $916,666.67 (and the associated 3.1 lodestar multiplier) was fair and reasonable using the "*Girsh* factors," *see Girsh v. Jepson,* 521 F.2d 153, 156-57 (3d Cir. 1975), which are similar to the Second Circuit's *Goldberger* factors. *Herbin*, Doc. 18, pp. 26-30, **Ex. A**. The Pennsylvania district court approved the settlement and the request for attorneys' fees and expenses and entered a judgment thereon. *Herbin*, Docs. 25-26, **Exs. B-C**.

37. To be clear, Class Counsel does not, nor have we ever, inflated our lodestar or lodestar rates in order to generate artificially low or negative lodestar multipliers to support our fee applications.

**Class Counsel's Fee Application is Fair and Reasonable Using the "Percentage-of-Recovery" Method**

38.      Class Counsel's fee application (one-third of the Gross Settlement Fund) is fair and reasonable using the "percentage-of-recovery" method. *See* Plaintiffs' Memo. of Law in Support of their Motion for Approval of Attorneys' Fees, Doc. 48 at 3-5 (discussing how the "percentage of the fund method" is the preferred method for awarding attorneys' fees in common fund cases in the Second Circuit) and 6-16 (discussing the *Goldberger* factors and why they support a fee award of 33% of the Gross Settlement Fund).

39.      Courts in the Second Circuit routinely award attorneys in FLSA settlements one-third of the total recovery in fees. *Khan v. Dunwoodie Gas Station, Inc.*, 19-CV-5581 (KMK), 2020 WL 1166180, at *5 (S.D.N.Y. Mar. 10, 2020) (citing cases); *In re Beacon Associates Litig.*, 09 CIV. 3907 CM, 2013 WL 2450960, at *5 (S.D.N.Y. May 9, 2013) ("In this Circuit, courts routinely award attorneys' fees that run to 30% and even a little more of the amount of the common fund." (citing cases)); *Gay v. Tri-Wire Engr. Sols., Inc.*, 12-CV-2231 KAM JO, 2014 WL 28640, at *11-*12 (E.D.N.Y. Jan. 2, 2014) (awarding 35.3% of the $183,123.60 gross settlement fund and noting that "under the percentage of recovery method, the court sets a percentage of the total recovery to determine the attorney's fees" and that "district courts in this Circuit have routinely upheld attorney's fees awards of 30% to 33–1/3% in class action cases where a counsel's fee award was entirely contingent on success, and have occasionally approved greater attorney's fees awards.") (citation omitted); *Marroquin Alas v. Champlain Valley Specialty of New York, Inc.*, No. 5:15-CV-00441-MAD-TWD, 2016 WL 3406111, at *7 (N.D.N.Y. June 17, 2016) (approving attorneys' fee award of $90,000 plus costs, which represented 31.8% of the $282,500 gross settlement fund); *City of Providence v. Aeropostale, Inc.*, 11 CIV. 7132 CM GWG, 2014 WL 1883494, at *13 (S.D.N.Y. May 9, 2014) (finding "33% fee request [of $15 million settlement] is reasonable").

**Class Counsel's Fee Application is Fair and Reasonable Under the "Lodestar Method"**

40.    Performing the lodestar crosscheck here confirms that Class Counsel's fee application is reasonable and should be approved. *See* Plaintiffs' Memo. of Law in Support of their Motion for Approval of Attorneys' Fees, Doc. 48 at 17-21 (discussing the lodestar crosscheck and why it supports an award to Class Counsel of one-third of the Gross Settlement Fund).

41.    Class Counsel spent approximately 209 hours in the prosecution of this case. *Id.* at 1, 9, 19; Doc. 48-1 ¶ 38; Doc. 48-2 ¶ 38, Ex. B (summary table of Class Counsel's lodestar and expenses). Class Counsel applied a $615 lodestar rate to the 46.9 hours worked by Mr. Stoops, a $350 lodestar rate to the 133.2 hours worked by myself, and a $150 lodestar rate to the 11.3 hours worked by Sommers Schwartz paralegal Debra A. Nichols, for a lodestar of $83,222.90 (including local counsel Brown, LLC's lodestar of $6,064.40). Doc. 48 at 1, 9, 19; Doc. 48-1 ¶ 41; Doc. 48-2 ¶ 41, Ex. B. The fee request, therefore, is a negative multiplier of 0.98 of Class Counsel's lodestar. Doc. 48 at 1, 19; Docs. 48-1 & 48-2 ¶¶ 41.

42.    The negative lodestar multiplier of 0.98 strongly indicates that the fee request is reasonable. *See City of Providence*, 2014 WL 1883494, at *13 ("The fee request is a negative multiplier of 0.70 of Plaintiffs' Counsel's lodestar. Such a multiplier is well below the parameters used throughout district courts in the Second Circuit, which affords additional evidence that the requested fee is reasonable.") (citing *In re Bear Stearns Cos. Sec. Derivative & ERISA Litig.*, 909 F.Supp.2d 259, 271 (S.D.N.Y. 2012) (approving requested fee with a negative multiplier of less than 0.92 and noting that the negative multiplier was a "strong indication of the reasonableness of the [requested] fee")).

43.    Class Counsel's lodestar rates are not atypical, nor unreasonable. The Southern District of New York recently stated that, "partner rates as high as $715 an hour can be reasonable" and "associate rates ranging from $220 to $550, depending on experience, can also be reasonable."

11

*Brown v. Barnes and Noble, Inc.*, No. 16-CV-07333-MKV-KHP, 2020 WL 2489061, *3-*4 (S.D.N.Y. May 14, 2020) (holding that "based on this Court's own knowledge of prevailing rates in FLSA collective actions and the case law in this District, I find that the hourly rate of $650 is appropriate for Mr. Shavitz and Mr. Hepworth, who both have 20 years of experience, that $500 per hour is an appropriate rate for Mr. Palitz, who has almost ten years of experience, and that $450 per hour is appropriate for Ms. Predovan, a senior associate.").

44. That being said, Class Counsel recognizes that the attorney and paralegal lodestar rates asserted in this case, ranging from $150 per hour for paralegal Debra A. Nichols to $350 per hour for myself to $615 per hour for Senior Shareholder Kevin J. Stoops, are somewhat higher than what is normally accepted within the Northern District of New York. *See Deferio v. City of Syracuse*, No. 5:16-CV-361-LEK-TWD, 2018 WL 3069200, at *3 (N.D.N.Y. June 21, 2018) ("Recent cases in the Northern District have upheld hourly rates between $250 and $350 for partners; between $165 and $200 for associates; and between $80 and $90 for paralegals." (collecting cases)).

45. Using the mid-point of these rates (i.e., $300 for Mr. Stoops, $182.50 for myself, and $85 for Ms. Nichols), the hourly total -- not including expenses, time spent preparing for and remotely attending the final approval hearing, or the time Class Counsel will spend overseeing the distribution of the settlement proceeds -- would be approximately $45,403.90, rather than Class Counsel's asserted $83,222.90.

46. Under that scenario, the requested attorneys' fee award of $81,333.33 would represent a multiplier of approximately 1.79. Although higher than the asserted 0.98 multiplier that would apply to Class Counsel's stated lodestar, a 1.79 multiplier is reasonable in light of the *Goldberger* factors (discussed at length in Plaintiffs' Memo. of Law in Support of their Motion for Approval of Attorneys' Fees), *see Goldberger v. Integrated Res. Inc.,* 209 F.3d 43 (2d Cir. 2000),

and is in line with other cases in the Second Circuit.[2]

**Conclusion**

      47.     I strongly believe that prevention of manifest injustice requires reconsideration of

---

[2] *See e.g., Cruz v. Sal-Mark Rest. Corp.*, 1:17-CV-0815 (DJS), 2019 WL 355334, at *8 (N.D.N.Y. Jan. 28, 2019) ("a 1.4 multiplier is reasonable in light of the *Goldberger* factors"); *Cohan v. Columbia Sussex Mgt., LLC*, CV 12-3203 (AKT), 2018 WL 4861391, at *5 (E.D.N.Y. Sept. 28, 2018) ("the Court finds the 2.3 multiplier to be well within the range awarded by courts in the Second Circuit."); *Springer v. Code Rebel Corp.*, No. 16-CV-3492, 2018 WL 1773137, at *5 (S.D.N.Y. Apr. 10, 2018) ("the lodestar multiplier is approximately 2.02, which is also within the range of multipliers that have been applied in other cases."); *Hall v. ProSource Techs., LLC*, 14-CV-2502 (SIL), 2016 WL 1555128, at *17 (E.D.N.Y. Apr. 11, 2016) ("This award represents a 2.08 multiplier of the modified lodestar, which is reasonable in light of the *Goldberger* factors, and is in line with other cases in the Second Circuit.") (citing cases); *Mills v. Capital One, N.A.*, 14 CIV. 1937 HBP, 2015 WL 5730008, at *17 (S.D.N.Y. Sept. 30, 2015) ("I conclude that a reasonable *Goldberger* multiplier is 2.21, yielding a fee award of $500,000."); *Lizondro-Garcia v. Kefi LLC*, 12 CIV. 1906 HBP, 2015 WL 4006896, at *10-12 (S.D.N.Y. July 1, 2015) ("the 1.68 multiplier is reasonable in light of the successful settlement, the need to encourage similarly experienced attorneys to take on the risk of litigation to safeguard the rights of employees and the fact that plaintiffs were unlikely to pursue their claims individually because the burden of litigation would most likely outweigh any potential recovery."); *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (awarding a 2.28 multiplier and noting that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases."); *Trinidad v. Pret a Manger (USA) Ltd.*, 12 CIV. 6094 PAE, 2014 WL 4670870, at *12 (S.D.N.Y. Sept. 19, 2014) ("this award represents a multiplier of 1.82, giving class counsel ample credit for the effort and risk involved in this [FLSA and NYLL class action] case."); *Febus v. Guardian First Funding Group, LLC*, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (accepting a lodestar multiplier of 2.2 as "well within the range of acceptable"); *McMahon v. Olivier Cheng Catering and Events, LLC*, 08 CIV. 8713 (PGG), 2010 WL 2399328, at *8 (S.D.N.Y. Mar. 3, 2010) ("the Court finds that the multiplier that Class Counsel seek—approximately 1.4 times lodestar—is reasonable.") (internal citation omitted); *In re Telik, Inc. Securities Litig.*, 576 F. Supp. 2d 570, 590 (S.D.N.Y. 2008) ("a 1.6x multiplier is well within the range of reasonableness."); *In re Medco Health Sols., Inc., Pharm. Benefits Mgt. Litig.*, 03MDL1508, 2004 WL 1243873, at *11 (S.D.N.Y. May 25, 2004) ("Settling Plaintiffs' Counsels' request of 30% of the Settlement Fund, applies a multiplier of 1.786 to the submitted lodestar. This multiplier is reasonable and fair"); *In re Glob. Crossing Securities and ERISA Litig.*, 225 F.R.D. 436, 468 (S.D.N.Y. 2004) ("the requested 2.16 multiplier falls comfortably within the range of lodestar multipliers and implied lodestar multipliers used for cross-check purposes in common fund cases in the Southern District of New York.") (citation and footnote omitted); *Ross v. A.H. Robins Co., Inc.*, 700 F. Supp. 682, 687 (S.D.N.Y. 1988) (finding award of $1,800,000 after applying lodestar multiplier of 1.8 was appropriate); *Kane Associates v. Clifford*, 75 CIV. 141, 1980 WL 1403, at *5 (E.D.N.Y. Apr. 29, 1980) ("The use of a multiplier of 1.7 seems reasonable to this Court in view of the risks of this litigation which included the possibility that plaintiffs might recover nothing.").

the Court's Memorandum Decision and Order (Doc. 49) so that the Court can determine a fair and reasonable fee award for Class Counsel with the benefit of having accurate information regarding Class Counsel's lodestar rates and now that the Court knows that Class Counsel did not improperly inflate their lodestar rates in support of their fee application.

48. I declare under penalty of perjury that the statements above are true based upon my own personal knowledge, information and belief.

Dated: August 24, 2020

Rod M. Johnston