UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JERRY BAUDIN, *individually and on behalf of all other similarly situated individuals*; JOSEPHINE DUFFNEY, *individually and on behalf of all other similarly situated individuals*; and KARISHMA PERSAUD, *individually and on behalf of all other similarly situated individuals*,

        **Plaintiffs,**

 vs.            1:19-cv-386
                (MAD/CFH)
RESOURCE MARKETING CORP., LLC,

        **Defendant.**
_____

**APPEARANCES:**          **OF COUNSEL:**

**BROWN, LLC**           **JASON T. BROWN, ESQ.**
111 Townsquare Place
Ste. 400
Jersey City, New Jersey 07310
Attorneys for Plaintiffs

**SOMMERS SCHWARTZ, P.C.**    **KEVIN J. STOOPS, ESQ.**
One Towne Square, Suite 1700     **ROD JOHNSTON, ESQ.**
Southfield, Michigan 48076
Attorneys for Plaintiffs

**JACKSON LEWIS, P.C.**       **VINCENT E. POLSINELLI, ESQ.**
677 Broadway, 9th Floor
Albany, New York 12207
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

 On April 1, 2019, Plaintiffs filed a collective and class action complaint against Defendant alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New York State Labor Law, breach of contract, and unjust enrichment, based on Defendant's failure to

pay overtime wages. *See* Dkt. No. 1. On January 29, 2020, the Court preliminarily approved the parties' proposed settlement, directing that notice be mailed to Class Members, and setting the date for the final fairness hearing. *See* Dkt. No. 42.

On July 16, 2020, Plaintiffs filed their motions to certify class settlement and for attorneys' fees and costs. *See* Dkt. Nos. 47 & 48. On July 27, 2020, the Court held a final approval hearing, during which it signaled its intent to approve of the settlement and requested fees and that a written decision would follow.

In an August 13, 2020 Memorandum-Decision and Order, granted the motion to certify class settlement and granted in part the motion for attorneys' fees and costs. *See* Dkt. No. 49. In the motion for attorneys' fees, counsel requested fees of $81,333.33, representing one third of the gross settlement fund of $244,000.00. The Court, however, found that granting attorneys' fees based on the net settlement fund of $214,637.08 was more appropriate, and, therefore, awarded attorneys' fees of $70,830.24. *See id.* at 24-29. The Court decided to award attorneys' fees based on the net settlement fund primarily based on a line of cases that have found that result appropriate because it "(1) incentivizes counsel to keep costs down and (2) avoids the strangeness of awarding a percentage of counsel's expenses in the form of increased attorneys' fees while also awarding them the full amount of those same costs." *Id.* at 27-28 (citing *In re IPO Sec. Litig.*, 671 F. Supp. 2d 467, 514 (S.D.N.Y. 2009); *see also Alaska Electrical Pension Fund v. Bank of Am. Corp.*, No. 14-cv-7126, 2018 WL 6250657, *3 (S.D.N.Y. Nov. 29, 2018); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-cv-5450, 2018 WL 3863445, *4 (S.D.N.Y. Aug. 14, 2018)). The Court also noted that, when conducting the lodestar cross check, Mr. Stoops appeared to inflate his hourly rate from $350 to $615, thereby making Class Counsel's request for 33% of the gross settlement fund appear to be 0.98 times their lodestar. *See id.* at 29.

On August 24, 2020, moved for reconsideration of the Court's attorneys' fees award. *See* Dkt. No. 51-1. In their unopposed motion, Class Counsel argue that, in reaching its decision, "the Court recalculated Class Counsel's lodestar using an erroneous $350 lodestar rate reflected in the declaration of Kevin J. Stoops in Support of Plaintiffs' Motion for Approval of Attorneys' Fees. As discussed herein, the $350 lodestar rate reflected in Mr. Stoops' declaration is a typographical error. Mr. Stoops, a 16-year attorney and Senior Shareholder who co-chairs his firm's Complex Litigation Department, charges $615 per hour in wage and hour class/collective action lawsuits like this one, not $350 per hour. Accordingly, this Court's Memorandum Decision and Order was premised on erroneous information mistakenly supplied to the Court by Class Counsel, and Class Counsel respectfully request that the Court reconsider its Order (Doc. 49) and the Judgment entered thereon (Doc. 50) in order to prevent a manifest injustice." *Id.* at 5. Alternatively, Class Counsel argues that, even after taking into consideration Class Counsel's typographical error, the Court still decides to award fees based on one third of the net settlement fund, the Court should "modify the Memorandum Decision and Order and award Class Counsel $71,545.69, which is one-third of the Net Settlement Fund," not the $70,830.24 awarded by the Court. *See id.*

As set forth below, Class Counsel's motion for reconsideration is granted in part.

## II. BACKGROUND

For a complete recitation of the relevant background, the parties are referred to the Court's August 13, 2020 Memorandum-Decision and Order. *See* Dkt. No. 49.

## III. DISCUSSION

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g). "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995). Such motions "will generally be denied unless the moving party can point to controlling

3

decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to re[-]litigate an issue already decided." *Shrader*, 70 F.3d at 257.

Here, there is no intervening change in controlling law, nor is there new evidence not previously available. Therefore, Plaintiffs' motion for reconsideration is seeking to prevent manifest injustice. While taking full responsibility for the typographical error contained in the declaration of Kevin J. Stoops, Plaintiffs contend that the Court should reconsider its decision to base the attorneys' fees award on the net settlement fund, rather than the gross, because Mr. Stoops actually charges $615 per hour, rather than $350 as previously stated. Although the clarification is appreciated, the Court finds that reconsideration must be denied as to this ground.

It is true that the Court noted the discrepancy between the claimed $350 per hour normally charged, and the alleged reasonable "lodestar rate" of $615, the Court's decision to base the attorneys' fees award on the net settlement fund was based on the policy considerations favoring that result. *See* Dkt. No. 49 at 27-28. As mentioned above, these considerations include encouraging counsel to keep costs down and avoiding the strangeness of awarding a percentage of counsel's expenses in the form of an increased attorneys' fees while also awarding them the full amount of those same costs. *See id.* (citing cases). The Court further noted that this result was further supported by the fact that any amount not awarded as attorneys' fees reverts back to the Settlement Class and will be divided among the Class Members. *See id.* at 28.

4

Also supporting this result is the fact that the rates charged by Class Counsel far exceed what courts in the Northern District of New York have considered reasonable in similar matters, and this is not the type of case that would justify application of out-of-district rates. Indeed, the $615 per hour rate charged by Mr. Stoops far exceeds what courts in this District have found reasonable. *See Doe v. Cornell Univ.*, No. 3:17-cv-402, 2019 WL 1567535, *7 (N.D.N.Y. Apr. 11, 2019) (reducing the requested hourly rate of $550 per hour to $350 for a partner with thirty years experience) (citing cases); *Cruz v. Sal-Mark Restaurant Corp.*, No. 17-CV-0815, 2019 WL 355334, *7 (N.D.N.Y. Jan. 28, 2019) (noting that "[r]ecent cases in the Northern District have upheld hourly rates between $ 250 and $ 350 for partners") (quoting *Deferio v. City of Syracuse*, No. 16-CV-0361, 2018 WL 3069200, *3 (N.D.N.Y. June 21, 2018)); *Premium Sports, Inc. v. Nichols*, No. 3:17-cv-741, 2018 WL 3574870, *9 (N.D.N.Y. July 25, 2018) (reducing the requested hourly rate for a partner with over twenty years of federal civil practice experience from $350 to $300); *Parish v. Kosinski*, No. 17-CV-0344, 2018 WL 1475222, *5 (N.D.N.Y. Feb. 5, 2018) (granting a rate of $350 per hour for partners). Moreover, the $350 per hour rate charged by Mr. Johnson, who has been practicing for approximately five (5) years, greatly exceeds the rates found reasonable for attorneys with his experience in the Northern District. *See Doe*, 2019 WL 1567535, at *8 (finding that $250 per hour is appropriate for an associate with ten-years experience). The fact that such rates would have been deemed unreasonable had the Court delved into this issue in the August 13, 2020 Memorandum-Decision and Order further supports the Court's decision to base the attorneys' fees award on the net settlement fund. Accordingly, the Court denies Plaintiffs' motion for reconsideration on this ground.

The Court will, however, grant reconsideration by increasing the awarded fees to $71,545.69. The Court notes that, throughout its memorandum of law in support of an award of attorneys' fees, Class Counsel repeatedly requested "33%" of the Fund. *See* Dkt. No. 48 at 9-11,

5

14, 22-23, 25, 30.  Class Counsel also repeatedly stated that $81,333.33 is "33% of the Fund."  *Id.* However, $81,333.33 actually represents 33.33333% or 1/3 of the Fund, whereas 33% of $244,000.00 actually amounts to $80,520.00.  When the Court ordered $70,830.24, this number accurately amounts to 33% of the net settlement fund of $214,637.08.  However, in the Joint Stipulation of Settlement and Release, it clearly states that Class Counsel is entitled to attorneys' fees of "one third" or "thirty-three and one-third percent (33 1/3%)."  Dkt. No. 41-1 at 5, 12.  As such, the Court grants reconsideration and awards Class Counsel one third of the net settlement fund, or $71,545.69.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that Plaintiffs' motion for reconsideration is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that Class Counsel are awarded $71,545.69 in attorneys' fees; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 19, 2020
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge